*fee Pd 5.00*

*# 05-390E*

*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

ROBERT BRANDT

     Plaintiff/Movant

     vs              Case No. _05-182 E_

FEDERAL BUREAU OF PRISONS

CCC Director *Tim Dougless*

ET AL

     Defendants/Respondents

## MOTION FOR INJUNCTIVE RELIEF

Comes now Robert Brandt, Plaintiff pro se, and respectfully moves this Honorable Court to issue the foregoing Motion For Injunctive Relief.  Plaintiff invokes the jurisdiction of this Court pursuant to 28 USC §§ 2241 and 1361; and any other applicable statute or provision of law.

Plaintiff would first state that he is a pro se litigant whom is untrained and unknowledgeable of the complexities involved in such filings.  As such, he respectfully requests liberal construance of his pleadings pursuant to Haines v. Kerner, 404 U.S. 519 (1972); Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003); and United States v. Albinson, 356 F.3d 278, 284 n.9 (3rd Cir. 2004).

## INTRODUCTION

Plaintiff was charged with, and subsequently pled guilty to

18 USC § 922(A) and 922(g). He was sentenced to a term of 24 months and began his sentence on September 29, 2003, when he self-surrendered at FCI Elkton. It should be noted that Plaintiff remained out on bond from the time of his arrest in October 2002, until his self surrender date, with the conditions being downgraded to home confinement with electronic monitoring.

Plaintiff's eligibility date for Community Corrections Center/Home Confinement was April 18, 2005. However, for reasons unknown to Plaintiff, his departure date was changed and, contrary to established BOP Program Statement 7320.01 (Sept. 6, 1995), he was only considered for CCC placement instead of home confinement, which his medical circumstances clearly indicate is most appropriate.

<u>REASONS FOR GRANTING RELIEF</u>

It is indisputable that Plaintiff has a medical condition that not only precludes him from being physically employed, but he also requires medication that if withdrawn, will most certainly result in a serious medical emergency, if not death. This is well documented within his medical records, and well known by BOP staff. He clearly meets all criteria for home confinement placement as compelled by 18 USC § 3624(c) and PS 7320.01.

Plaintiff concedes he has no statutory right for said home confinement placement. However, he does have the right to be considered and placed unless it is "practically impossible," see; <u>Elwood v. Jeter</u>, 386 F.3d 842 (8th Cir. 2004); <u>Knish v. Stine</u>,

347 F.Supp.2d 682, 688 (D.Minn. 2004) (imposing an obligation on
the BOP to assure that inmates receive a pre-release plan ... un-
less such a plan is practically impossible).

The Plaintiff asserts that the BOP is callously disregarding
their own Policy Statement and 18 USC § 3624(c), which provides
in relevant part, on Page 3, No. 6, that; "each appropriate inmate
is placed on home confinement as soon as otherwise eligible," and
further that; "(e) When such inmates are otherwise eligible, insti-
tutions are encouraged to refer them for direct placement on home
confinement with special reporting requirements arranged by the
CCM.  Of primary concern is ensuring that the Bureau of Prisons
does not incur community medical cost."

Plaintiff asserts he has  met  this  criteria by submitting
a financial responsibility acceptance affidavit, which is the
standard procedure before even being considered.  He further meets
the criteria for immediate home confinement because of his dis-
abilities that render him unemployable.  Plaintiff was on total
disability prior to his incarceration, and during his incarcer-
ation at Federal Medical Center in Lexington, Kentucky.  He has
been designated a "medically unassigned" inmate, thus, not able
to even perform a menial prison job.  This is also documented in
his records.

It is a foregone conclusion that Plaintiff, as BOP Policy
dictates, should have been placed directly on home confinement.
However, for unclear reasons, perhaps incompetence of Staff at

FMC Lexington, this did not occur.

With the cause of this action being sufficiently identified, Plaintiff now states that he is being held at the CCC without his medications being properly administered, thereby exposing Plaintiff's health and welfare to a substantial risk of injury or death. There can be no question of the Plaintiff's immediate need for the granting of relief to enable him to properly receive medical care and compel the BOP to follow their own Policy Statements.

Support for the relief Plaintiff seeks is found in Steinbach v. Federal Bureau of Prisons, 339 F.Supp.2d 628, 630 (D.N.J. 2004). In this case, it was held that Plaintiff was entitled to relief under provision to compel an officer of the United States to perform his duty and the relief sought was not barred by sovergin immunity. The Steinbach decision further held that an agency is required to follow its own regulations. See also; Stehney v. Perry, 101 F.3d 925, 933 (3rd Cir. 1996).

The relief sought, more specifically, is to:
(1) issue an Order compelling the BOP and/or their designee at this CCC, to immediately place the Plaintiff in home confinement.

In further support of the granting of relief, it is a foregone conclusion that the Plaintiff's placement in home confinement will not endanger the public, nor will it diminish the seriousness of his offense. Further, to grant relief would serve the public interest, and, most importantly, if relief is not granted, the movant will suffer irreparable injury. See; Colton v. Ashcroft,

299 F.Supp.2d 681, 692 (E.D.Ky. 2004) (granting injunctive relief to prisoner). Moreover, the grant of relief will do no harm to others, nor will this equate to an early release. Plaintiff's release date is June 19, 2005.

WHEREFORE, based upon the foregoing, Plaintiff prays to the court to grant injunctive relief, ordering his placement in home confinement immediately to prevent risk of harm.

This being submitted this *7th* day of ~~May~~ *June* 2005.

Robert Brandt, Pro Se
#20124-068

## CERTIFICATE OF SERVICE

I, Robert Brandt, do hereby certify that the original of this document, "Motion For Injunctive Relief," was filed with the Court Clerk identified below, by depositing same into the United States Post Office Mail Box, postage prepaid, on the 7th day of June 2005.


Clerk of the Court
U.S. District Court
U.S. Post Office & Courthouse
700 Grant Street
Room 400
Pittsburg, PA 15219

Renewal, Inc.
339 Blvd. of the Allies                    *Robert Brandt*
Pittsburg, PA 15222                         Robert Brandt
                                            #20124-068